CHARLES W. HUBER v. JOSEPH T. CAREW ET AL.

1. HEIRS TAKE NOTHING BY DESCENT UNDER WILL MODIFYING STATUTE.

The expressed wish of a testatrix that all of her property "shall go as the law directs with the following modifications," is a testamentary disposition of her property, and her heirs take nothing by descent.

2. PLAIN AND UNAMBIGUOUS LANGUAGE OF WILL MUST BE GIVEN EFFECT.

The language of a will being plain and unambiguous to the effect that it was the intention of the testatrix to divest her child or children of the title in fee in the event that they or either of them died before her husband, it must control, although no good reason appears why a child leaving issue should thus be divested of title.

**J. W. Wolfe** and **Outcalt & Foraker,** for plaintiff.

**Cohen & Mack,** for defendants.

GIFFEN, J.

The only question to be determined in this case arises upon the pleading and involves a construction of the last will and testament of Maria L. Cary, which is as follows:

"In view of the uncertainty of life, I, Maria L. Cary, do hereby make and publish this my last will and testament, written with my own hand, this twenty-ninth day of April, 1847, revoking all former wills by me made.

"First. It is my will that all my property and estate, real and personal, however owned, and wherever situated, shall go as the law directs, with the following modifications or changes, viz.:

"First. It is my will, in case either of my children, Martha Louisa or Ella Woodnut, or the one of which I am now *enciente* (if it shall survive me) shall die before my husband, Samuel F. Cary, then it is my will that the portion of my estate belonging to such child shall pass *in fee* to my husband. In case my husband shall survive all my children then it is my will that he shall possess in fee my whole estate.

"Second. If my children, or either of them shall survive my husband, and yet shall all die without issue, before arriving at majority, then it is my will that the proceeds of my estate shall be forever applied to the establishment and support of a female college, to be located at Pleasant Hill, Hamilton county, Ohio, the estate to vest in such trustees as the Cincinnati Presbytery (new school) may designate the whole management and control of such institution to be under the direction of said presbytery.

"In testimony whereof, I have hereunto set my hand, this the twenty-ninth day or April, one thousand eight hundred and forty-seven.

(Signed)                                   "MARIA L. CARY."

It is claimed by the plaintiff, by the terms of this will, no disposition was made of the estate and that he acquired title by descent. Counsel in their brief state the proposition as follows:

"The testatrix has declined to avail herself of the privilege of devising her real estate which the law gives to every owner, but has elected to let it pass by descent to her heirs, and having permitted it to pass by descent, she then sought to modify or change the course marked out by the statute."

While it is true that the first clause of the will provides that the estate shall go as the law directs, yet it is qualified by the words "with the following modifications or changes," which appear in the succeeding clauses of the will. The testator evidently used the words "shall go as the law directs" as a form of designating the persons to whom she wished her estate to go, and the quantity that each in the first instance should take, and as a basis for the modifications or changes set forth in the second and third items of the will. She adopted the course of descent provided by statute in so far as it coincided with her wishes and then added such modifications as would fully carry them out.

Her expressed will that all her property should go as the law directs, with certain modifications, was a testamentary disposition of the same, and the heirs took nothing by descent. The words, "shall go as the law directs, with," etc., are but an abbreviated form made use of by testatrix to express her testamentary intent; a borrowing of the provisions of the statute of descent so far as they suited her purpose and beyond that rejecting them. In the case of Crane v. Doty, 1 Ohio St. 279, cited by counsel for plaintiff, there was an attempt made by the testator to disinherit one of his lawful heirs in respect to property not disposed of by his will. In that case, no attempt was made to create any interest or estate in the property involved and hence, not being

disposed of by will, it necessarily went according to the statute of descent and distribution.

Counsel in their reference to this case of Crane v. Doty, *supra,* beg the whole question when they say: "We have already seen that testatrix has made no express devise of her real estate. If a devise cannot be implied it follows that her real estate was not disposed of by her will."

The words "shall go" and "shall pass" are expressly dispositive and the *quantum* of the estate so given is clearly defined by the reference to the law and the limitations in the succeeding sentence and words, "shall die," etc., and *in fil.*

There is nothing here left to implication, all being express.

The case of Gaskin v. Gaskin, 2 Cowp. 657, is not applicable here because the whole estate is here given by the terms of the will to persons other and in proportions different than provided by law. And the same is to be said of Boisseau v. Aldridges, 32 Va. (5 Leigh) 222.

In this case, the testator, with the statute before her, proceeds to modify its provisions to meet her desire in the premises, and then adopts the whole as her will.

It is further contended that if the children took any estate under the will, it was in *fee simple.* But the only purpose of testator under the second clause of the will was to divest the child or children of the title in fee in event that they or either of them died before her husband. No good reason appears why a child leaving issue should thus be divested of title, but the language of the will is plain and unambiguous and must therefore, be given effect. "*Uni in verbis nulla ambiguitas, ibi nulla occurrit voluntatis quaestio.*"

We attach no special significance to the word "belonging" in the second paragraph of the will because whether the child took by descent or by will, the estate belonged to her subject to the contingency therein provided.

We are of opinion, therefore, that Martha Louisa Huber, the mother of the plaintiff, took by devise an estate in fee, determinable upon the contingency of her death before that of her father, Samuel F. Cary.

**Jelke, J.,** concurs.